UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| ANSHU B. PATHAK, | Case No. 2:17-cv-00130-GMN-GWF |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| YAHOO!, INC., *et al.*, | |
| Defendants. | |

## BACKGROUND

This matter is before the Court on Plaintiff's failure to comply with this Court's Order. On August 16, 2018, the Court issued an order instructing the Plaintiff and any remaining Defendants to submit a status report no later than August 30, 2018 regarding the status of the case and/or the status of service of process on Defendants. *See* ECF No. 69. On September 18, 2018, the Court instructed Plaintiff and any remaining Defendants to file a status report no later than September 24, 2018 regarding the status of the case and/or the status of service of process on Defendants. On October 2, 2018, the Court issued an order to show cause why sanctions should not be imposed for the parties' failure to comply with this Court's Order. The Court warned that failure to timely respond to this order to show cause may result in the imposition of sanctions up to and including a recommendation to the District Judge that this case be dismissed or that default judgment be entered against any remaining defendants.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows for the dismissal of an action based on a party's failure to obey an order of the Court. Further, the Supreme Court has held that district courts have the power to dismiss actions *sua sponte* based on a plaintiff's failure to comply with a court order. *See Link v. Wabash R. Co.* 370 U.S. 626, 630-31 (1962); *see also*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260-61; *see also Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that the public's interest in expeditious resolution of litigation always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has failed to submit a status report regarding the status of the case and/or the status of service of process on any remaining Defendants and has also failed to request an extension or explain its failure to the Court. There do not appear to be any remaining appearing Defendants in this action. The Court's resources are best allocated to cases with active parties seeking to resolve their claims according to the rules of the Court. Therefore, the first and second factors weigh in favor of dismissal. Unreasonable delay will result in a presumption of prejudice. *Anderson v. Air West., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A plaintiff may rebut the presumption of prejudice by offering a non frivolous explanation for the delay. *Nealey v. Transportation Maritime Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980). The Court finds that the delay in this matter is not reasonable, and, therefore, the third factor weighs in favor of dismissal. Public policy favors resolution of cases on their merits whenever possible and, as such, the fourth factor weighs against dismissal. Further, Plaintiff has been advised that is must respond to this Court's orders as instructed. The Court allowed Plaintiff time to file a status report, ordered Plaintiff to show cause why sanctions should not be imposed, and warned that failing to timely respond to the order to show cause would result in the imposition of sanctions. Because the Court has exercised less drastic alternatives without success, the fifth factor weighs in favor of dismissal. Accordingly,

. . .

. . .

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) be stricken and that this case be dismissed.

Dated this 26th day of October, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).