# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANSHU B. PATHAK,

        Plaintiff,

vs.

YAHOO!, INC., *et al.*,

        Defendant.

Case No.: 2:17-cv-00130-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff Anshu B. Pathak's ("Plaintiff's") Objection, (ECF No. 73), regarding the Honorable Magistrate Judge George Foley, Jr.'s Report and Recommendation ("R&R"), (ECF No. 72). For the reasons discussed below, the R&R is **ADOPTED in full**, and this action is **DISMISSED without prejudice**.

## I. BACKGROUND

On January 13, 2017, Plaintiff filed the Complaint against Defendants Yahoo!, Inc., Aabaco Holdings, Lexity, and Alibaba (collectively, "Defendants"). (Compl., ECF No. 1). Plaintiff subsequently filed the First Amended Complaint, (ECF No. 6), on April 12, 2017. The Court struck the First Amended Complaint because Plaintiff's time to amend as of right had lapsed, and he did not obtain leave to amend. (Min Order, ECF No. 68); (*see* Fed. R. Civ. P. ("FRCP") 15); (*see also* LR 15-1). Thereafter, Plaintiff's original Complaint became the operative complaint in this action. (*See* Min. Order, ECF No. 68).

On August 16, 2018, the Court ordered the parties to "submit a status report no later than August 30, 2018 regarding the status of the case and/or the status of service of process on Defendants." (Order 1:22–23, ECF No. 69) (emphasis omitted). On September 18, 2018, the Court found that Plaintiff failed to comply, and the Court again ordered the parties to "file a status report no later than September 24, 2018 regarding the status of the case and/or the status

of service of process on Defendants." (Order 1:17–19, ECF No. 70) (emphasis omitted). Plaintiff again failed to comply. (*See* Order to Show Cause, ECF No. 71).

Consequently, on October 2, 2018, the Court issued an Order to Show Cause, requiring the parties to demonstrate "why sanctions should not be imposed for the party's failure to comply with th[e] Court's [September 18, 2018] Order." (*Id.* 1:19–21). The Court gave the parties until October 15, 2018, to show cause. (*Id.*). The Court warned that "[f]ailure to timely respond to th[e] Order to Show Cause may result in the imposition of sanctions up to and including a recommendation to the District Judge that this case be dismissed or that default judgment be entered against any remaining defendants." (*Id.* 1:21–24). Plaintiff failed to comply. (*See* R&R, ECF No. 72). Accordingly, on October 26, 2018, Judge Foley issued an R&R recommending that the Court strike Plaintiff's Complaint and dismiss the case. (R&R 3:2–3, ECF No. 72).

## II. <u>LEGAL STANDARD</u>

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III. <u>DISCUSSION</u>

In his Objection, Plaintiff argues that the Court should not dismiss the case, and that it should compel Defendants to meet with Plaintiff to file a joint status report. (Obj. ¶ 6, ECF No. 73). According to Plaintiff, "[n]one of the counsels approached [him] to file Joint Status Report after the court issued the order to file Joint Status Report, on September 14, 2018." (*Id.* ¶ 2). Plaintiff claims that "[he] approached counsels of Defendants to meet in person to file a

joint report as per court order, but none of the counsels approached [him] to file joint report." (*Id.* ¶ 3). Specifically, Plaintiff alleges he approached counsel for Defendants OnTrac and Diversified Transport & Storage, Inc. ("DTS") to file the report. (*Id.* ¶¶ 4, 5).

Plaintiff's arguments fail for numerous reasons. First, the operative Complaint does not name OnTrac and DTS as defendants, and the Court has dismissed Plaintiff's claims against OnTrac and DTS with prejudice. (*See* Compl., ECF No. 1; Order Granting Stipulation of Dismissal, ECF No. 66). Second, Plaintiff is responsible for Defendants' failure to confer with him regarding a status report because Defendants have not been properly served; there is no indication that Defendants are even aware of this action. (*See* Notice, ECF No. 56); *see also* FRCP 4. Third, Plaintiff does not provide an acceptable excuse for his failure to comply with the Order to Show Cause. Even if Plaintiff could not have conferred with Defendants, the Order to Show Cause provided Plaintiff the opportunity to explain, in writing, why the Court should not dismiss his Complaint. (Order to Show Cause, ECF No. 71). Moreover, Plaintiff did not request an extension of time to comply with the Order to Show Cause. *See* FRCP 6(b). Accordingly, the Court finds no basis to depart from the R&R.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 72), is **ADOPTED in full.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice.**

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __21__ day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court